UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20913-CR-LENARD

UNITED STATES OF AMERICA

vs.

ELKIN VARGAS GONZALEZ, and
STEPHEN MEADOWS,

    Defendants.
_____/

# UNITED STATES OF AMERICA'S RESPONSE TO STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.    1.    The government is unaware of any written or recorded statements made by the Defendants at this time.

           The Defendants were recorded on foreign judicially authorized wire intercepts. They will be provided with copies of CDs containing these intercepted phone calls. Defendant Vargas Gonzalez will be provided CDs 9 and 10, which contain his intercepted telephone calls and Defendant Meadows will be provided CDs 11 and 12, which contain his intercepted telephone calls.

       2.    The government is unaware of any oral statements made by the defendants before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial.

           That portion of the written record containing the substance of any oral statement made by the Defendant Diego Fernandez Quijano before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached. Statements by one defendant will not be produced to other defendants at this time.

       3.    No defendant testified before the Grand Jury.

4. The NCIC records of the defendants are attached.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida. Please call the undersigned to set up a date and time that is convenient to both parties. Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.

    The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. A laboratory analysis of the substance seized in connection with this case will be made available to you upon receipt by this office.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. Some defendants identified in a lineup, show up, photo spread or similar identification proceedings. Those pictures will be produced upon receipt.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendants are not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance. However, as stated above, the defendants were recorded on foreign judicially authorized wire intercepts.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is currently in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P. At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Federal Rule of Criminal Procedure 16(c), Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the United States pursuant to both Standing Discovery Order section B and Federal Rule of Criminal Procedure 16(b), in accordance with

Federal Rule of Criminal Procedure 12.1, the United States hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was: **SEE INDICTMENT AND DISCOVERY**.

The attachments to this response are numbered pages 1-104 contained on CD#1, and CDs 9-12. CDs 9 and 10 contain Defendant Vargas Gonzalez's intercepted telephone calls and CDs 11 and 12 contain Defendant Meadows' intercepted telephone calls. The NCICs for each defendant are attached. In addition, I am attached pages SM0001-SM0010. Please contact the undersigned Assistant United States Attorney if any pages are missing.

        Respectfully submitted,
        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

By: /s/ *Kurt K. Lunkenheimer*
      KURT K. LUNKENHEIMER
      Assistant United States Attorney
      Florida Bar No.A5501535
      U.S. Attorney's Office - SDFL
      99 N.E. 4th Street, Suite 600
      Miami, FL 33132-2111
      Telephone: (305) 961-9008
      Facsimile: (305) 536-4699
      Email: Kurt.Lunkenheimer@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  Last week, either in person in Magistrate Court or via e-mail, I delivered the attachments to this document to:

**Attorney for Elkin Vargas Gonzalez**
Rebekah J. Poston
Squire Sanders (US) LLP
Wachovia Financial Center 200 South Biscayne Boulevard 41st Floor
Miami, FL 33131-2398

**Attorney for Stephen Meadows**
Kristi Flynn Kassebaum
Kristi Flynn Kassebaum P.A.
11645 Biscayne Blvd Suite 302
North Miami, FL 33181

                                           */s/ Kurt K. Lunkenheimer*
                                           KURT K. LUNKENHEIMER
                                           Assistant United States Attorney