UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20913-CR-LENARD

UNITED STATES OF AMERICA

 Plaintiff,
vs.

STEPHEN MEADOWS,

 Defendant.
_____/

## OBJECTIONS TO PRE SENTENCE INVESTIGATION REPORT

 The defendant, Stephen Meadows, files this his objections to certain portions of the Pre-Sentence Investigation Report as follows:

1. **Paragraph 8**.

 The defendant maintains that he quit the conspiracy after the unsuccessful trip of the El Koral in June of 2011.

2. **Paragraph 13**.

 The defendant objects to the use of the term "Captain." The defendant was not the captain but rather he piloted the boats. The defendant makes this distinction to point out that in the classical sense, the captain of a boat or ship, is in ultimate command of the vessel. In this case, the defendant's role was simply to pilot the boats. As stated in para. 14 of the PSI, he was directed by others as to where to go. He did not purchase the boats. He had no control over the cocaine on board. He had no control over the hiring of the crew. In fact he did not have control over the crew. Rather, others such as Fernandez Quijano traveled aboard the vessels to guard the cocaine and ensure its safe delivery. The defendant had very limited authority.

Additionally, all references in the PSI to a boat identified as the "Sohair" are incorrect. The boat was called the "Softair".

3. **Paragraphs 45 and 53**.

The basis of the objection is the same as contained in para. 1 above.

4. **Paragraph 69**.

The defendant maintains that he should receive a minor role reduction pursuant to § 3B1.2.

The government agrees with the defendant that his role in this offense was materially less than that of co-defendants **Morillo Martello** and **Leon Garcia**. Further, the defendant contends that his knowledge, involvement and culpability were materially less than or equal to other co-defendant's who received a minor role reduction.

**Elkin Gonzalez** was also responsible for over 450 kilos of cocaine. He was a close confidant of Morillo Martelo is responsible for handling all communications on behalf of Martelo and thereby facilitating and furthering the conspiracy. He accompanied Martelo to meetings involving drug transactions. Like the defendant, Gonzalez had a very specific role in the offense. Gonzalez received a minor role.

According to para. 49 of the PSI, **Alonso Guzman** "was responsible for receiving, safekeeping, and coordinating the cocaine shipments that were loaded onto the sailing vessels on the north coast of Columbia. He also assisted C. Tenorio Cano in coordinating the sale and purchase of the sailing vessel, Little Whale, and coordinated with C. Tenorio Cano the transfer of 70 million Colombian pesos into his (Durango Guzman's) bank account to facilitate the cocaine shipment on board the vessel, Sea Yeti. Durango Guzman was involved with the cocaine shipment on board four vessels, Little Whale (400

kilograms), El Koral (500 kilograms), Reine Sans Nom (330 kilograms) and Sea Yeti (100) kilograms, totaling 1,000 kilograms of cocaine.  Guzman received a minor role.

According to para. 54 of the PSI, **Diego Quijano** was responsible for over 450 kilograms of cocaine.  Para. 13 of the PSI states that "on behalf of C. Tenorio Cano, Fernandez Quijano traveled aboard the vessels to guard the cocaine in an *armed* capacity, to ensure the cocaine was not stolen by other co-conspirators or rival drug traffickers. At the direction of C. Tenorio Cano and J. Tenorio Cano, Fernandez Quijano was responsible for delivering money to purchase cocaine, as well as collecting bulk cash shipments consisting of narcotics proceeds."  He conspired with others to dispatch the Little Whale cocaine shipment, as well as Softair and the El Koral cocaine shipments.
According to the PSI, Quijano was a crew member on the boats that the defendant piloted. The defendant maintains that Quijano was more than just a crew member.  He was armed and was present to ensure the cocaine was delivered.  It should be pointed out that the defendant was never armed  or do violence to anyone.   Fernandez Quijano received the benefit of a minor role.

Unlike the many different roles and responsibilities other members of the conspiracy had, the only role the defendant played in this conspiracy was to pilot a boat from one location to another after being told where to go. The boats involved were relatively small and did not require any special skill other than knowing how to steer and operate a sail boat.

The defendant contends that it would be error to classify him as having the same role in this conspiracy as that of leader organizer Moises Morillo-Martelo and that of Leon Alberio Garcia, a leader organizer and supplier of the cocaine for the drug trafficking

organization. The court found that as to Garcia, neither an aggravating nor a mitigating role adjustment was applicable. As to Martelo, although he clearly was a leader organizer of this organization, he too did not receive either an aggravating nor mitigating role adjustment. Here, the PSI makes the same recommendation as to the defendant as it did to Martelo and Garcia, that he not receive a mitigating role adjustment despite the fact that his role is light years from being on par with these them.

5. **Paragraph 75**.

The defendant maintains that he should receive a minor role reduction as stated in paragraph 4. above and therefore his total offense level should be adjusted accordingly.

6. **Paragraph 87**.

The PSI states that the defendant has traveled and lived all along the Atlantic Seaboard from Europe to the Caribbean. This gives the impression that the defendant was very wealthy and lived the life of a millionaire playboy when in fact he made one trip on his boat from Europe to the Carribean.

7. **Paragraph 94**.

The defendant was detained at La Picota prison from August 21, 2013 until August 23, 2014.

8. **Paragraph 95**.

The defendant was self employed from 2002 to 2003 only.

9. **Paragraph 96**.

The defendant's total monthly income at the time he entered the conspiracy was $1,000.00. He was supporting Zoila Devoz-Yances, his common law wife and her son. It was only during the month of February 2003, that the defendant's monthly income was

as stated in the PSI.

    10. **Paragraph 99**.

The defendant maintains that he should receive a minor role reduction as stated in paragraph 4. above and therefore his guidelines provisions should be adjusted accordingly.

Respectfully submitted,

                                      ALLEN S. KAUFMAN, P.A.
                                      950 S. PINE ISLAND RD.
                                      PLANTATION, FL 33324
                                      (954) 727-8165
                                      FAX (954) 727-8164

                                 By: s/ Allen S. Kaufman
                                      ALLEN S. KAUFMAN
                                      FBN 301639

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 6, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                      BY: s/ Allen S. Kaufman
                                        ALLEN S. KAUFMAN